# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAGDALENA BARANOWSKA, | |
| Plaintiff, | |
| v. | Case No. 19 C 6844 |
| INTERTEK TESTING SERVICES NA, INC., | Magistrate Judge Beth W. Jantz |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Magdalena Baranowska filed a complaint against Intertek Testing Services NA, Inc. ("Intertek") alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA"); and retaliation in violation of Title VII, the IHRA, and the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). Intertek moves under Federal Rules of Civil Procedure 12(b)(1) and (6) to dismiss the IHRA claims (counts II and IV) and under Federal Rule of Civil Procedure 12(f) to strike Baranowska's "blanket request" for punitive and emotional-distress damages as unavailable under the FMLA.

For the following reasons, Intertek's motion to dismiss counts II and IV of the complaint [14] is granted, and those counts are dismissed without prejudice. Intertek's motion to strike [15] is denied.

# BACKGROUND[1]

Baranowska worked for Intertek as an "Inside Sales Representative" from December 2016 to February 2019. (Compl., Doc. 1, ¶ 13.) According to the allegations in her complaint, beginning in March 2018, Baranowska's new supervisor discriminated against Baranowska and other female employees, including by refusing to answer Baranowska's work-related questions and only providing male employees with answers; making "highly sexualized comments" about female customers, clients, and employees; giving male employees more favorable client accounts; and promoting or hiring males instead of promoting Baranowska. (*Id.* ¶¶ 21-23.)

From May to July 2018, Baranowska was on FMLA leave to undergo wrist surgery. (*Id.* ¶¶ 24-25.) When she returned to work, her job duties had "drastically changed"; she was excluded from emails, meetings, and an important team training; and her cubicle had been moved away from her team. (*Id.* ¶¶ 27-29). In September 2018, Baranowska reported to Human Resources that she was being discriminated against because she was a female. (*Id.* ¶ 32.) Days later, her supervisor distributed account leads to all team members except her. (*Id.* ¶ 33.) On October 23, 2018, Baranowska filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the United States Equal Employment

---

[1] The following facts are drawn from Baranowska's complaint and submitted exhibits, and are accepted as true at this stage. *Lett v. City of Chicago*, 946 F.3d 398, 399 (7th Cir. 2020).

Opportunity Commission ("EEOC") alleging gender discrimination and retaliation. (*Id.* ¶ 36; Ex. A to Compl., Doc. 1-1, at 2-5.)

In November, Baranowska was granted "intermittent FMLA leave" that allowed her "'up to two (2) days off per week, as needed and leave work as needed when having an anxiety/panic attack.'" (Compl. ¶¶ 37-38.) Around the same time, she again emailed HR complaining of gender discrimination, harassment, and retaliation. (*Id.* ¶ 39.) A few days later, Baranowska spoke with the Regional HR Manager, who failed to investigate Baranowska's claims and instead denied they had any merit. (*Id.* ¶ 40.) The harassment grew worse and exacerbated Baranowska's "underlying serious medical condition." (*Id.* ¶ 41.)

From November 2018 through February 2019, Baranowska "was bombarded with emails from HR and Teresa Peck, claiming to be 'investigating' fabricated allegations of poor performance and misconduct" by Baranowska. (*Id.* ¶ 42.) She was accused of "'leaving work early,'" and her supervisor asked other team members to provide false statements about her poor work performance. (*Id.* ¶¶ 43-45.) As a result of the discrimination, she began suffering from anxiety attacks at work. (*Id.* ¶ 46.) On February 11, 2019, Baranowska was "constructively discharged." (*Id.* ¶ 47.)

On August 7, 2019, at Baranowska's request, the EEOC issued a "Notice of Right to Sue" in which it terminated the pending charge and informed Baranowska that she had 90 days to file a lawsuit. (Ex. B to Compl., Doc. 1-1, at 7.) On September 4, 2019, Baranowska signed a letter, which was on IDHR letterhead and

addressed to the EEOC's State and Local Coordinator, "withdrawing" her IDHR charge and requesting a right-to-sue letter from the EEOC. (Ex. C to Pl.'s Resp., Doc. 23-1, at 9.) Because Baranowska had "submitted a written request to withdraw the charge," the IDHR issued an "order of closure" approving that request on October 8, 2019. (Ex. C to Compl., Doc. 1-1, at 13.) Baranowska then filed suit in this Court on October 16, 2019.[2] (Compl. at 1.)

On January 22, 2020, the EEOC's State and Local Coordinator issued a second right-to-sue letter. (Ex. E to Pl.'s Resp., Doc. 23-1, at 14-21.)

## DISCUSSION

### I. Motion to Dismiss Counts II and IV of Plaintiff's Complaint

Intertek argues that Baranowska has failed to exhaust her administrative remedies under the IHRA because she withdrew her charge of discrimination with the IDHR.[3] (Mot. to Dismiss at 3-4.)

---

[2] In January 2020, the parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[3] Intertek also contends that the Court lacks subject matter jurisdiction over the IHRA claims because of Baranowska's failure to exhaust. (*See* Mot. to Dismiss, Doc. 14, at 5; Def.'s Reply, Doc. 29, at 2-3.) But courts in the Seventh Circuit appear divided as to whether a failure to exhaust administrative remedies under the IHRA deprives federal courts of subject matter jurisdiction. *See, e.g., Fuller v. Belleville Area Cmty. Coll. Dist. No. 522*, No. 3:18-cv-01123-GCS, 2020 WL 1287743, at *3-4 (S.D. Ill. Mar. 18, 2020) (concluding that exhaustion requirement was statutory prerequisite, not jurisdictional requirement); *Schmierbach v. Alton & S. Ry. Co.*, No. 18-01684-NJR-GCS, 2019 WL 2644471, at *2-3 (S.D. Ill. June 27, 2019) (recognizing that whether IHRA's exhaustion requirement was jurisdictional was "unclear"); *Muller v. Morgan*, No. 12 C 1815, 2013 WL 2422737, at *3 (N.D. Ill. June 3, 2013) (determining that IHRA authorized courts' jurisdiction over IHRA claims only where plaintiff had exhausted administrative remedies). Because this

4

In determining whether Baranowska has exhausted her administrative remedies, this Court may consider the complaint's allegations as well as the relevant IDHR and EEOC records. *See Ocampo v. Remedial Envtl. Manpower, Inc.*, No. 13-cv-06283, 2014 WL 2893190, at *2 (N.D. Ill. June 26, 2014); *Anderson v. Centers for New Horizons, Inc.*, 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012). Where these materials demonstrate a failure to exhaust administrative remedies, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6). *Smuk v. Specialty Foods Grp., Inc.*, No. 13 C 08282, 2015 WL 135098, at *1 (N.D. Ill. Jan. 9, 2015).

The IHRA requires a complainant to exhaust administrative remedies as a prerequisite to filing a civil lawsuit. *Hankins v. Best Buy Co.,* No. 10 CV 4508, 2011 WL 6016233, at *5 (N.D. Ill. Dec. 2, 2011). Generally, the complainant may file a civil suit after (1) she receives a final report from the IDHR, or (2) the IDHR fails to issue a report within a year after the charge is filed. 775 ILCS 5/7A-102(D), (G). The complainant also may entirely "opt out" of the IDHR's investigation if she submits a written request within 60 days of receiving notice that she has the right to opt out (which the IDHR issues 10 days after the charge is filed). 775 ILCS 5/7A-102(B), (C-1). At the time Baranowska's charge was pending, within 10 days of any written opt-out request, the IDHR would issue a complainant a notice of the right to commence a civil action. 775 ILCS 5/7A-102(C-1) (West 2018).

---

Court concludes that Baranowska's failure to exhaust administrative remedies warrants dismissal, the Court does not wade into the jurisdictional arguments.

5

Where, as here, a complainant files a charge of discrimination with both state and federal authorities, the IHRA provides a different set of procedures. If the EEOC investigates the charge first, the IDHR takes no action on the charge—and the one-year period for the IDHR to investigate is tolled—until the complainant notifies it of the EEOC's determination. 775 ILCS 5/7A-102(A-1)(1). As relevant here, once the complainant timely notifies the IDHR that the EEOC has issued a notice of a right to sue, the IDHR notifies the parties within 10 business days that it "will adopt the EEOC's determination" unless the complainant requests in writing within 35 days after receipt of the notice that the IDHR review the EEOC's determination. 775 ILCS 5/7A-102(A-1)(3). If the complainant does not request IDHR review, the IDHR notifies the complainant, within 10 business days after the end of the 35-day period, that the EEOC's decision has been adopted by the IDHR and that the complainant has the right to bring suit within 90 days. *Id.*

Baranowska contends that she followed the IHRA's administrative procedures by notifying the IDHR of the EEOC's determination and then requesting the right to sue from the IDHR using its "form document." (Pl.'s Resp. at 1-2, 4-6.) The documents she has submitted, however, contradict her position. The "form document" that Baranowska submitted to the IDHR stated that she was "withdrawing" her IDHR charge and requesting the right to sue *from the EEOC*, not the IDHR. (Ex. C to Pl.'s Resp. at 9.) In response, the IDHR issued an "order of closure," approving Baranowska's "request to withdraw" and closing the charge; the IDHR never stated that it was adopting the EEOC's determination or that

6

Baranowska had the right to bring suit, as it would have had it been issuing a report under 775 ILCS 5/7A-102(A-1)(3). (Ex. C to Compl. at 13.) Because the documents show that Baranowska voluntarily withdrew her charge and the IDHR closed her charge without issuing her the right to sue, she has failed to exhaust her administrative remedies. *See Vroman v. Round Lake Area Sch.-Dist.*, No. 15 C 2013, 2015 WL 7273108, at *2 (N.D. Ill. Nov. 18, 2015); *Smuk*, 2015 WL 135098, at *2; *Anderson*, 891 F. Supp. 2d at 960.

To the extent Baranowska relies on a January 22, 2020 right-to-sue letter as proof she exhausted her IHRA claims, that reliance is misplaced. The EEOC, not the IDHR, issued the letter, and it encompassed only her Title VII claims. (*See* Ex. E to Pl.'s Resp. at 14-16 ("This is your Notice of Right to Sue, issued under Title VII….").) The letter did not "acknowledg[e] the state law claims," as she inaccurately asserts. (Pl.'s Resp. at 2.) And, in any event, a right-to-sue letter issued by the EEOC cannot be a substitute for a report from the IDHR. *See Smuk*, 2015 WL 135098, at *2; *Anderson*, 891 F. Supp. 2d at 960.

Finally, Baranowska suggests that, under the IHRA's "opt-out" provision, she might not have needed to obtain a determination from the IDHR before filing a lawsuit. (Pl.'s Resp. at 5-6.) But the documents she has submitted defeat any assertion that she opted out under 775 ILCS 5/7A-102(C-1). First, her request to withdraw her IDHR charge came well after the 60-day period to opt out, which started just 10 days after her charge was filed; Baranowska made her request to withdraw in September 2019, nearly 11 months after her charge was filed in

7

October 2018. (Ex. A to Compl.; Ex. C to Pl.'s Resp.) *See* 775 ILCS 5/7A-102(B), (C-1). Second, had Baranowska opted out, the IDHR would have issued her a notice of the right to commence a civil action, *see* 775 ILCS 5/7A-102(C-1) (West 2018), but the IDHR's "order of closure" did not do so, (*see* Ex. C to Pl.'s Compl.).

Accordingly, Baranowska has failed to exhaust her administrative remedies under the IHRA, and counts II and IV of the complaint are dismissed without prejudice. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) (dismissal without prejudice appropriate for failure to exhaust).

## II. Motion to Strike Request for Punitive and Emotional-Distress Damages

Intertek moves to strike Baranowska's request in her prayer for relief for emotional-distress and punitive damages because those damages are unavailable under the FMLA. (*See* Compl. at 16-17; Mot. to Strike, Doc. 15, at 1-2.) Baranowska acknowledges that she cannot obtain those types of damages under the FMLA, but responds that they are available under the IHRA and Title VII, and thus her prayer for relief, which covers all of her claims, is proper. (Pl.'s Resp. at 7-8.)

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The moving party bears the burden to show that the challenged parts of the complaint are "'devoid of merit, unworthy of consideration, and unduly prejudicial.'" *Field v. Hous. Auth. of Cook Cty.*, No. 17-cv-02044, 2018 WL 3831513, at *9 (N.D. Ill. Aug. 13, 2018) (quoting *E & J Gallo Winery v. Morand Bros. Beverage Co.*, 247 F. Supp. 2d 979, 982 (N.D. Ill. 2003).

8

Here, movant Intertek has not established that Baranowska's request for punitive and emotional-distress damages should be stricken from the complaint. Federal Rule of Civil Procedure 8 requires that a plaintiff include "'a demand for the relief sought,'" not that she "plead damages with particularity." *Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2020 WL 919202, at *6 (N.D. Ill. Feb. 26, 2020) (quoting Fed. R. Civ. P. 8(a)(3)). Baranowska's so-called "blanket request" for relief is therefore a permissible form of pleading under Rule 8, which does not mandate that she pinpoint the claim to which each type of relief corresponds. *See Cotton v. Sheahan*, No. 02 C 0824, 2002 WL 31409575, at *3 (N.D. Ill. Oct. 24, 2002) (explaining that a plaintiff is "not required to separate out [her] demands for relief in [her] complaint").

Moreover, Baranowska's request for punitive and emotional-distress damages is itself appropriate, as both are available under Title VII. *See* 42 U.S.C. § 1981a(b)(3). To remove the request for punitive and emotional-distress damages therefore would get rid of proper and plainly relevant allegations. Thus, Intertek's motion to strike must be denied.[4]

---

[4] Intertek's point that emotional-distress and punitive damages are unavailable under the FMLA is well taken; indeed, Baranowska does not dispute it (*see* Pl.'s Resp. at 7-8). The denial of the motion to strike does not preclude Intertek from pressing this argument later.

## CONCLUSION

For the above reasons, the Court grants Intertek's motion to dismiss counts II and IV of Baranowska's complaint [14], and denies its motion to strike [15]. Counts II and IV are dismissed without prejudice.

E N T E R:

Dated: April 8, 2020

BETH W. JANTZ
United States Magistrate Judge